**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                          CASE NO.: 6:15-bk-03447-KSJ
                                                                       Chapter 7

NILHAN HOSPITALITY, LLC,

          Debtor.

_____/

**VERIFIED NOTICE OF COMPLIANCE AND BRIEF IN RESPONSE TO**
**ORDER FINDING CHITTRANJAN THAKKAR IN CONTEMPT**
**AND CONTINGENT BENCH WARRANT UPON**
**NON-COMPLIANCE WITH ORDER**

Chittranjan Thakkar ("Thakkar") hereby gives the Court Notice of his actions to provide documentation to the Trustee and hereby responds to the Court Order of August 31, 2016.  First and foremost, Mr. Thakkar takes these proceedings very seriously.  Mr. Thakkar will personally appear at the hearing on September 7, 2016 to address any questions or concerns that the Court has regarding financial documentation.  Mr. Thakkar has used his best efforts to comply with the Trustee's requests and Court's Orders, including by providing documents and access to financial information to the Trustee since June 3, 2016, and will continue to do so to the extent any more documentation is requested.

Before further addressing the Debtors' and Mr. Thakkar's compliance with specific requests by the Trustee for documents, some factual context is critical.  For months, Mr. Thakkar has been providing financial information and documentation to the Trustee.  This includes Debtors hosting the Trustee's forensic and accounting personnel at Debtors' offices on June 3, 2016, during which the Trustee obtained a complete backup of all financial data since inception and took custody of Debtor's laptop computer for access to obtain the backup.  (Exhibit 1)  And, Debtors produced more documentation on July 22, 2016, as evidenced in Exhibit 3.

It was not until August 24, <u>for the very first time</u>, that the Trustee requested <u>182 items</u> from Debtors.  (*See* 6:15-bk-03447-KSJ, Doc 331-1, containing 90 requests and 6:15-bk-03448-KSJ, DOC 328-1, containing 92 requests.)  The Trustee demanded those 182 items in response to the Court ordering the Trustee to file a "<u>succinct</u> list of needed financial records" and ordering Mr. Thakkar to produce by August 31, 2016 whatever documents that the Trustee would list. (Doc. 325 (underline added).)

The lists totaling 182 items were not succinct.  Instead, they were far above and beyond what the Trustee previously requested from Debtors.  Specifically, prior to requesting the 182 items, on August 3, 2016 the Trustee stated that only <u>30 items</u> needed to be produced to cure purported deficiencies.  (Exhibit 5) Debtors produced items in response to this request of the Trustee on August 9, 2016, satisfying the 30 requests.  (*See* Doc 309.)  Nevertheless, on August 24, the Trustee increased the number of requests to 182, which did not exclude the original 30 requests which had previously been complied with.  The last minute request for 182 items was objectively unreasonable – something that was not only well beyond what was ever asked for, but on its face would be virtually impossible for anyone to comply with in a short time period.

Putting aside the unfairness of the Trustee's requests, Mr. Thakkar has used his best efforts to comply with them, providing substantial information to the Trustee, including approximately 2 gigabytes of data (thousands of pages).  As of this date, it is not clear what information the Trustee has reviewed, purportedly does not have, and still needs.  That makes it very difficult for Mr. Thakkar to address deficiencies, to the extent any even remain. Nevertheless, Mr. Thakkar has made <u>all</u> financial information related to debtors available to the Trustee since June 3, 2016, including making available the virtual servers on which debtor information resides.

With regard to the Trustee's specific requests, Mr. Thakkar hereby provides his notice of compliance as follows:

**COMPLIANCE WITH REGARD TO DOC 331-1**

| No. | Item Requested | Item Produced |
|---|---|---|
| 1. | All documents relating to the Debtors involvement in the Orlando Gateway Property Owners Association. | Previously provided via Dropbox and USB # 1 Attachment[1] |
| 2. | All supporting documents necessary for and related to the common area maintenance ("CAM") records for 2013, 2014, and 2015, including bills, Statement, invoices and cancelled checks for all expenditures. | Previously provided by Terry Soifer - USB # 2-4 Attachment |
| 3. | All CAM reconciliation reports for 2013, 2014, and 2015, and the back-up documents to support those reports. | Previously provided by Terry Soifer - USB 2-4 Attachment |
| 4. | All CAM records that were prepared relating to properties owned by the Debtor, including the back-up for each CAM record. | Previously Provided by Terry Soifer - USB 2-4 Attachment |
| 5. | All documents relating to any liens, lis pendens, judgments, mortgages, and encumbrances on any real property that was owned by the Debtor. | Previously provided via Dropbox and USB - Mortgage BB&T Loan Attachment # 5 - Starting Pg. 64 |
| 6. | All documents relating to any setoffs or adverse claims as to any real property that was owned by the Debtor. | None |
| 7. | All documents Madden Moorhead & Glunt, Inc. prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 8. | All documents Nodarse & Associates prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 9. | All documents Andreyev Engineering prepared or obtained relating to property owned by the Debtor. | None |

---

[1] Reference to a USB Drive throughout this brief is to a drive provided to Trustee on August 31, 2016.

| No. | Item Requested | Item Produced |
|---|---|---|
| 10. | All documents GMB Engineers and Planning prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 11. | All documents Salah M. Hamood prepared or obtained relating to property owned by the Debtor. | None |
| 12. | All documents Cuhaci & Peterson prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 13. | All documents Leading Edge Land Services, Inc. prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 14. | All documents Vileno Environmental, LLC prepared or obtained relating to property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 15. | All documents relating to improvements made on any property owned by the Debtor. | Previously provided - Reference Exhibit 2 attached |
| 16. | All Dunphy Properties bills and backup documentation for its services and fees. | Previously provided - Reference Exhibit 2 attached |
| 17. | Bank statements, check register and cancelled checks from February 2010 to December 2014 for BB&T checking account ending in 7464. | Previously provided - Reference Exhibit 2 and Dropbox and USB attachment |
| 18. | Check register and cancelled checks from January 2015 to date account closed for BB&T checking account ending in 7464. | Sent via Dropbox and USB |
| 19. | All documents related to the $665,750.51 decrease in the outstanding balance due to JAX Fairfield Financial from Nilhan Hospitality, LLC – Florida during the period from 12/31/14 to 12/31/15, This would include documents supporting the 4/20/15 journal entry with the notation "Reclass Nilhan Hospitality GA balance to JAX Fairfield per CKT" | None, however, explanation is in G/L Detail previously provided |
| 20. | All documents related to the $688,569.75 balance due to Nilhan Hospitality, LLC from Niloy Inc. per the 12/31/15 financial statements produced from the Nilhan | None, however, explanation is in G/L Detail previously provided |

| No. | Item Requested | Item Produced |
|---|---|---|
|  | Hospitality, LLC – Florida Quickbooks file. |  |
| 21. | All documents related to the $475,000.00 balance due to Nilhan Hospitality, LLC from Thakkar Properties per the 12/31/15 financial statements produced from the Nilhan Hospitality, LLC – Florida Quickbooks file. | None, however, explanation is in G/L Detail previously provided |
| 22. | All documents related to the $3,458,189.48 balance due to Nilhan Hospitality, LLC from "Other Affiliates" per the 12/31/15 financial statements produced from the Nilhan Hospitality, LLC – Florida Quickbooks file. | None, however, explanation is in G/L Detail previously provided |
| 23. | All documents related to the $182,178.12 balance due to Nilhan Hospitality, LLC from "Int Rec Affiliates" per the 12/31/15 financial statements produced from the Nilhan Hospitality, LLC – Florida Quickbooks file. | None, however, explanation is in G/L Detail previously provided |
| 24. | 2010 tax return for Orlando Gateway Partners, including Schedules and K-l 's, tangible and intangible tax returns. | Dropbox and on USB - 2010 Tax Returns |
| 25. | Drafts of Debtor's tax returns. | None |
| 26. | Debtor's accounts payable reports. | Previously Provided on USB-Electronic Version Also |
| 27. | All documents relating to any intercompany transfers, including but not limited to transfers among the Debtor and any companies listed on Exhibit A to the Agreed Order on Jurisdictional Issues filed in Adv. Pro. No. 6:15-ap-00084-KSJ, Adv. Doc. No. 53. | Electronic Version Only; previously provided |
| 28. | All documents relating to intercompany reconciliation. | Electronic Version Only; previously provided |
| 29. | All documents relating to the Debtor's accounts receivable. | Electronic Version Only; previously provided |
| 30. | All documents supporting adjusting note balances on general ledger. | Electronic Version Only; previously provided |
| 31. | All documents relating to the Debtor's | Leases Provided by Terry Soifer – and |

| No. | Item Requested | Item Produced |
|---|---|---|
|  | sales, lease or transfer of all property ever owned by the Debtors. | Attached on USB; previously provided |
| 32. | All documents relating to the Debtor's reconciliations. | Electronic Version; previously provided |
| 33. | All detailed general ledgers. | Provided Earlier - USB and Dropbox- General Ledgers |
| 34. | All investments in the Debtor or by the Debtor. | Provided Earlier -Investments in Debtor- See K-1 And Investments by Debtor-None |
| 35. | All documents relating to wire transfers. | Provided Earlier-Wire Transfers-Electronic Version Only And On Bank Statements |
| 36. | All profit and loss statements. | Provided Earlier-On USB - On Electronic Version And Dropbox |
| 37. | All balance sheets. | Provided Earlier -On USB - Electronic Version And Dropbox |
| 38. | The Debtor's corporate book. | None |
| 39. | All cash flow statements. | Electronic Version; previously provided |
| 40. | All documents relating to transfer of monies from the Debtor. | Electronic Version Only; previously provided |
| 41. | All documents relating to adjusting journal entries. | Previously Provided - USB And Electronic Version |
| 42. | All insurance policies and related documents. | USB And Dropbox Provided Previously And Also by Terry Soifer |
| 43. | All financial statements, including audited versions regardless of if prepared by the Debtors or professionals engaged by the Debtor. | #36 And #37 Are Financials - Electronic Version; previously provided |
| 44. | All documents supporting the electronic data stored in QuickBooks and Rent Manager Xi. | Electronic Version and Tax Returns; previously provided |
| 45. | All documents related to trial balances. | Electronic Version Only; previously provided financial statements and tax returns |
| 46. | All charts of accounts. | Previously Provided on USB and Dropbox |
| 47. | All documents supporting adjusting journal entries. | Electronic Version Only; previously provided |
| 48. | All documents relating to transaction analyses. | Electronic Version Only; previously provided |

| No. | Item Requested | Item Produced |
|---|---|---|
| 49. | All transaction detail by account. | Electronic Version Only; previously provided |
| 50. | All documents relating to statements of changes in financial positions. | Electronic Version Only; previously provided |
| 51. | All documents relating to the Debtors involvement in Orlando Gateway Hampton. | None |
| 52. | All documents reflecting monies owed to the Debtors as reflected on the Balance Sheet | Electronic Version Only; previously provided |
| 53. | All documents relating to Debtor's accounts or securities with banks, financial institutions, brokerage houses, relating to checking accounts, money market accounts, other certificates of deposits or similar instruments. | Electronic Version Only - Bank Statements; previously provided |
| 54. | Any and all accounts in the name of, or for the benefit of Debtor. | None |
| 55. | Any and all securities in the name of Debtor. | None |
| 56. | Copies of checks drawn on the Debtor's accounts. | See Bank Statements; previously provided |
| 57. | In regard to the following law firms ("Legal Professional"):<br>Arnold Golden Gregory LLP<br>Baker Law Firm<br>Bloom Sugarman Everett f/k/a The Bloom Law Firm<br>Bloomgarden Goudreau and Rosen Dickinson & Gibbons Ehrenclou & Grover LLC Fisher Rushmer<br>Frank M. Wolff, P.A. Greenspoon Marder Grifin and Linder<br>H. Dennis Panter & Associates, LLC Jordan Cohen<br>King Blackwell Korshak & Associates<br>Lowndes Drosdick Doster Kantor & Reed Markarian Frank & Hayes<br>Nejame Law | Falls outside the contempt order as this request is non-financial in nature. Additionally, such a request demand in a short period of time is unreasonable as this request is not limited in time or scope of subject matter. Trustee has superior rights to request such information directly from each law firm. |

| No. | Item Requested | Item Produced |
|---|---|---|
| | Robbins Ross Alloy Belinfante Littlefield LLC Schreeder, Wheeler & Flint, LLP<br><br>Shutts and Bowen<br><br>The Carlyle Appellate Law Firm The Halle Firm<br><br>The Tarich Law Firm Weinstock & Scavo, PC<br><br>\|Wolff, Hill, McFarlin and Herron<br><br>turnover all (a) all correspondence between Debtor and the Legal Professional; (b) all e-mails between Debtor and Legal Professional; (c) all documents Debtor provided to or received from the Legal Professional; and (d) all invoices received by the Debtor from the Legal Professional. | |
| 58. | In regard to the following finance, accounting or consulting individual or firms ("Accounting Professional"):<br>Garwhal, Chan & Williams<br>Kim McClure<br>Moore & Colson<br>Outsource Accounting & Tax, LLC<br>Rashed Mahmood<br>Valuation & Litigation Services, LLC<br>Gary Furrow<br>turnover all (a) all correspondence between Debtor and the Accounting Professional; (b) all e-mails between Debtor and Accounting Professional; (c) all documents Debtor provided to or received from the Accounting Professional; and (d) all invoices received by the Debtor from the Accounting Professional. | Falls outside the contempt order as this request is non-financial in nature. Additionally, such a request demand in a short period of time is unreasonable as this request is not limited in time or scope of subject matter. Trustee has superior rights to request such information directly from each accounting professional. |
| 59. | In regard to the following law firms ("Law Firms"):<br>Gregory Snell P.A.<br>Moffa and Breuer PLLC | Falls outside the contempt order as this request is non-financial in nature. Additionally, such a request demand in a short period of time is unreasonable as this request is not limited in time or scope of |

8

| No. | Item Requested | Item Produced |
|---|---|---|
| | Moran and Kidd<br>Todd Hoepker, P.A.<br>Winderweedle, Haines, Ward & Woodman, P.A.<br>turnover all (a) all correspondence between Debtor and the Law Firm prior to February 10, 2016; (b) all e-mails between Debtor and Law Firm prior to February 10, 2016; (c) all documents Debtor provided to or received from the Law Firm prior to February 10, 2016; and (d) all invoices received by the Debtor from the Law Firm prior to February 10, 2016. | subject matter. Trustee has superior rights to request such information directly from each law firm. |
| 60. | All e-mail, correspondence, communications relating to Debtors' business. | To the extent within Mr. Thakkar's possession, custody, or control, previously provided. Additionally, emails have now been supplemented to cure the illegibility. |
| 61. | All e-mail, correspondence, communications and documents relating to the Debtor's business, and the services provided by the Legal Professionals, Law Firms and Accounting Professional that are stored in electronic format on the e-mail account of cthakkar@dctsystems.net. | To the extent within Mr. Thakkar's possession, custody, or control, previously provided. Additionally, emails have now been supplemented to cure the illegibility. |
| 62. | All documents relating to value of the assets identified in the Debtor's Schedules. | None |
| 63. | All documents relating to the debts listed in Debtor's Schedules. | Electronic Version Only; previously provided |
| 64. | All documents relating to Debtor's Statement of Financial Affairs. | Electronic Version Only; previously provided |
| 65. | All documents relating to the ownership of the Debtor. | Provided Earlier - Operating Agreements and Tax Returns |
| 66. | All documents relating to the members of the Debtor. | Provided Earlier - Operating Agreement and Tax Returns |
| 67. | All documents relating to the members of the Debtor contribution or investment in the Debtor. | Provided Earlier - See K-1 on Tax Returns - Electronic Only |
| 68. | All document relating to distributions made to the members of the Debtor. | None |

| No. | Item Requested | Item Produced |
|---|---|---|
| 69. | All documents relating to Debtor's receivables and other rights to payment of every kind. | Previously Provided - See K-1 -Electronic |
| 70. | All documents relating to any right, title and interest Debtor had under any licenses, warranties, management agreements, and marketing or sales agreements. | None |
| 71. | All declarations or covenants Debtor signed relating to the real property. | None |
| 72. | All Operating Agreements involving the Debtor or property owned by the Debtor. | Provided Earlier - Dropbox and USB Drive |
| 73. | All loan documents relating to any loan the Debtor obtained or provided. | Provided Earlier on USB Dropbox BBT Loans |
| 74. | All documents relating to the Debtor's loan receivables. | Provided Earlier on USB and Electronic |
| 75. | All documents relating to any loans Debtor was a guarantor, including but not limited to the loan with Wells Fargo Bank, N.A. | Provided Earlier on USB and Electronic |
| 76. | All documents relating to any loans Debtor pledge assets, including but not limited to the loan with Wells Fargo Bank, N.A. and BB&T. | Provided Earlier on USB and Electronic |
| 77. | All documents relating to any loan modification, including but not limited to the April 2013 loan modification with Wells Fargo Bank, N.A. | Previously Provided – on USB -Loan Documents Attached |
| 78. | All documents relating to loan balances. | Previously Provided and Electronic |
| 79. | All Interim Credit Reports. | None |
| 80. | All documents relating to consideration provided for the loans Debtor was a party to. | Electronic - See Loan Docs BBT |
| 81. | All documents relating to Debtor paying leasing commissions. | Previously provided electronically via financial statements. Same as #16. |
| 82. | All documents relating to expenses of the Debtor paid by a third party. | Electronic version only; previously provided |
| 83. | All documents listed on the Privilege Log | Privilege Log – Emails Sent Separately |

| No. | Item Requested | Item Produced |
|---|---|---|
| | attached as Schedule A. | |
| 84. | All documents listed on the Privilege Log attached as Schedule B. | Non-financial request outside contempt order |
| 85. | All documents relating to all lawsuits Debtor was a party to. | Non-financial request outside contempt order |
| 86. | All documents relating to the lawsuit of Bloom Sugarman Everett, LLP cs. Nilhan Hospitality, LLC, *et al.* | Non-financial request outside contempt order |
| 87. | All documents relating to the lawsuit of Good Gateway vs. Orlando Gateway Partners *et al.* as identified in paragraph 4 of Debtor's Statement of Financial Affairs. | Falls outside of contempt order as it is non-financial in nature, and Trustee has best access to such information. |
| 88. | All documents relating to the lawsuit of Good Capital Group, Inc. vs. Orlando Gateway Partners as identified in paragraph 4 of Debtor's Statement of Financial Affairs. | Lawsuit settled in 2014 |
| 89. | All documents relating to the lawsuit of Orlando Gateway Partners, LLC vs. SEG Gateway, LLC *et al.* as identified in paragraph 4 of Debtor's Statement of Financial Affairs. | Falls outside of contempt order as it is non-financial in nature, and Trustee has best access to such information. |
| 90. | All documents relating to the lawsuit of Chittranjan K. Thakkar vs. Good Gateway, LLC *et al.* as identified in paragraph 4 of Debtor's Statement of Financial Affairs. | Falls outside of contempt order as it is non-financial in nature, and Trustee has best access to such information. |

## SUMMARY AND CONCLUSION

On June 3, 2016, the Trustee's representative, John Wilson, visited DCT offices and is provided access to **all financial records** on DCT's server. Mr. Wilson created a full backup of all financial records, and acknowledged the same via the Chain of Custody Form (Exhibit 1). Mr. Wilson, however, believed he required a password to access a specific backup folder. Mr. Wilson re-visited DCT offices on August 12, 2016, and re-confirmed that he had full backup of

11

all financial records, and was able to validate the password for one discreet folder that he needed for forensic purposes (Exhibit 2).

On July 22, 2016, the Trustee had all documents in the possession, custody, and control of the Debtors, as confirmed by Doc 328-4 in the 3448 Case. (Exhibit 3).  **Exhibit 3 confirms that the Trustee had possession of the bank statements, and other supporting financial documents (See items located within Box 4 of Exhibit 3 – Page 22-28)**.

On August 2, 2016, the Debtor's former counsel, Frank M. Wolff, e-mailed the Trustee's counsel, pointing out that the purported failure to provide the password or "all property" was, at best, a miscommunication, or, at worst, a bad faith attempt to mislead this Court (Exhibit 4).

On August 3, 2016, the Trustee provided, for the first time, a specific list of 30 deficiencies (Exhibit 5). On August 10, 2016, the Debtor filed its Notice of Compliance (Doc 307), confirming that the Debtor turned over all of the alleged deficiencies, save for some attorney-client emails, due to the fact that the Debtor did not possess such emails.  The Trustee confirmed receipt of the Debtor's response to the August 3rd letter on August 24, 2016 (Doc 328-5 in the 3448 Case).

On August 18, 2016, the Court required the Trustee to provide a succinct list of needed financial records (Doc 321)(Exhibit 6).  Rather than tender such a succinct list of financial records, the Trustee on August 24, 2016, tendered an overbroad and unduly burdensome list of 182 requests, of which more than 50% of the requests were non-financial in nature, and did not exclude what had been previously provided on August 9th and boxes picked up on July 22 (Doc. 331-1 and Doc 328-1 in the 3448 Case)(Exhibit 7).  On August 31, 2016, the Debtors tendered a thumbdrive to the Trustee and this Court, which contained additional materials identified in the Trustee's August 24th request.

Debtors, including Mr. Thakkar, have complied, and will continue to comply, with the requests for documentation by the Trustee and the Orders of the Court. Pursuant to this Court's August 31, 2016, Order (Doc 347), Mr. Thakkar will have provided all emails, as well as all financial records requested that are within Mr. Thakkar's possession, custody, or control before the scheduled order to show cause hearing. To date, the Debtors, as well as Mr. Thakkar, are unaware of any remaining deficiencies. In fact, on September 1, 2016, Mr. Thakkar's counsel, Stephen C. Breuer of the Moffa & Breuer, PLLC Law Firm, sent an email requesting a deficiency list from the Trustee (Exhibit 8). To date, no deficiency list was ever provided, making it impossible for the Debtors to know if the Trustee was satisfied.

Based upon the above, it would be manifestly unjust to continue to hold Mr. Thakkar in contempt or impose any sanctions.

WHEREFORE, Chittranjan Thakkar respectfully requests this Court to purge this Court's Order of Contempt, and such other and further relief as this Court deems just and proper.

| | |
|---|---|
| **PADULA BENNARDO LEVINE, LLP** | **KORSHAK & ASSOCIATES, P.A.** |
| Attorneys for Chittranjan K. Thakkar | Attorneys for Chittranjan K. Thakkar |
| 101 Plaza Real South, Suite 207 | 950 S. Winter Park Dr., Suite 320 |
| Boca Raton, Florida 33432 | Casselberry, FL 32707 |
| Telephone No. 561.544.8900 | Telephone: (407) 855-3333 |
| Facsimile No. 561.544.8999 | Facsimile: (407) 855-0455 |
| | |
| By: s/ Stephen J. Padula | By: s/ Bradford Petrino |
| STEPHEN J. PADULA | BRADFORD PETRINO |
| Florida Bar No. 182362 | Florida Bar No. 41883 |
| Email: SJP@PBL-Law.com | Email: bpetrino@korshaklaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been was furnished on September 7, 2016 to all parties receiving electronic notice via CM/ECF.

By: s/ Bradford Petrino
BRADFORD PETRINO

13

## VERIFICATION

I affirm under penalty of perjury that the foregoing is true, correct, and complete to the best of my knowledge.

By: _____
    **CHITTRANJAN THAKKAR**

STATE OF FLORIDA   )
          ) ss:
COUNTY OF PALM BEACH )

BEFORE ME, the undersigned authority, personally appeared Chittranjan Thakkar, who is personally known to me, and being duly sworn, under oath, deposes and says that the foregoing is true and correct to the best of his knowledge, and that he read the foregoing and knows the contents thereof.

SWORN TO AND SUBSCRIBED before me this 6th day of September, 2016.

_____
Notary Public, State of Florida

_____
Laura-Ann J. Heller
Print Name

My Commission Expires: _____08/21/2018_____

14