

# *EXHIBIT "6"*

ORDERED.

**Dated: August 18, 2016**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ORLANDO GATEWAY PARTNERS, | ) | Case No. 6:15-bk-03448-KSJ |
| LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## ORDER FINDING DEBTORS IN CONTEMPT

Orlando Gateway Partners, LLC and Nilhan Hospitality, LLC filed these related Chapter 11 cases on April 20, 2016.[1] When the Debtors could not confirm a Chapter 11 Plan of Reorganization, they voluntarily requested and were granted a conversion of their cases to a liquidating Chapter 7 case.[2] Emerson C. Noble was appointed as the Chapter 7 Trustee for both cases on February 10, 2016.[3] Since February, the Trustee diligently has sought the Debtors' financial records he needs to administer the substantial assets in these estates. Debtors, however, have failed to cooperate, providing only a few random pieces of paper.

---

[1] Doc. No. 1 in both cases.
[2] Doc. No. 160 in Orlando Gateway; Doc. No. 167 in Nilhan Hospitality.
[3] Doc. Nos. 165-167 in Orlando Gateway; Doc. Nos. 173-176 in Nilhan Hospitality.

Trustee eventually filed motions seeking turnover of the Debtors' financial books and records.[4] After a hearing, held on July 13, 2016, the Debtors were directed to give the Trustee "all of Debtors' books and records and passwords to access Debtors' electronic books and records."[5] At a hearing to determine the Debtors' compliance, held on August 11, 2016, the Court concluded the Debtors had failed to provide the Trustee with the requested financial records; however, the Court granted the Debtors and specifically their principal, Chittranjan Thakkar, another week to turn over the needed financial records.

At the hearing held on August 18, 2016, Debtors' counsel informed the Court that no further financial records were supplied to the Trustee. (Debtors' counsel orally and appropriately then moved to withdraw as Debtors' lawyers.) The Court now holds that the Debtors are in contempt of this Court's order directing them to provide "all of Debtors' books and records and passwords to access Debtors' electronic books and records" no later than August 18, 2016.

Because the Debtors are business entities, they operate through their principals, including Chittranjan Thakkar, who is the Manager of both Debtors and who signed the petition on behalf of both Debtors initiating these bankruptcy cases. Mr. Wolff, the Debtors' former lawyer, confirmed that he was working directly with Mr. Thakkar to obtain the requested financial documents, to no avail.

Mr. Chittranjan Thakkar now is directed to appear before this Court to show cause why he personally should not be held in contempt of this Court for his failure to comply with the Orders Granting Trustee's Motion to Compel Turnover of Property of the Estate and Production of Documents and Records.[6]

Accordingly, it is

---

[4] Doc. No. 246 in Orlando Gateway; Doc. No. 260 in Nilhan Hospitality.
[5] Doc. No. 278 in Orlando Gateway; Doc. No. 282 in Nilhan Hospitality.
[6] Doc. No. 278 in Orlando Gateway; Doc. No. 282 in Nilhan Hospitality.

**ORDERED:**

1.      Debtors are found in civil contempt of this Court.

2.      Trustee is directed to file a succinct list of needed financial records (the "Financial Record List") the Trustee needs by **August 24, 2016**.

3.      Debtors and Mr. Chittranjan Thakkar can purge themselves of this Court's Order of Contempt by supplying all documents on the Financial Record List to the Trustee.

4.      Mr. Thakkar shall appear before the **United States Bankruptcy Courthouse, Orlando Division, 400 West Washington Street, 6th Floor, Courtroom A, Orlando, Florida 32801, on the 31st day of August, 2016, at 10:00 A.M.,** to demonstrate why he should not be personally held in civil contempt.

5.      Should Chittranjan Thakkar fail to supply all documents on the Financial Record List or to attend the hearing on August 31, 2016, the Court immediately shall execute the Order Directing Seizure of Chittranjan Thakkar (attached hereto as Exhibit "A") without further notice or hearing.

6.      The Court also will receive evidence at the hearing on August 31, 2016, whether other principals of the Debtor, including their agents and professionals, should also be held in contempt of this Court's orders.

###

The Clerk is directed to serve a copy of this order on all interested parties.

# EXHIBIT A

## [DRAFT]

### Bench Warrant for Seizure
### Of Chittranjan Thakkar for Civil Contempt

On August 19, 2016, an Order Finding Debtors in Contempt was entered directing the principal of the Debtors, Chittranjan Thakkar, to appear before this Court to demonstrate why he should not be personally held in civil contempt for failing to supply needed financial records to the Chapter 7 Trustee. The hearing commenced at 10:00 a.m. on August 31, 2016. Mr. Thakkar failed to comply with this Court's orders or to demonstrate why he is not individually in civil contempt of this Court. Accordingly, it is

**ORDERED:**

1. Chittranjan Thakkar is in civil contempt of this Court.

2. The United States Marshal is directed to seize Chittranjan Thakkar and to forthwith transfer Mr. Thakkar to the Orlando Division of the United States Bankruptcy Court and, when appropriate, to bring Mr. Thakkar before the Court to give him the opportunity to purge this finding of contempt.

3. Mr. Thakkar can purge himself of the Court's finding of civil contempt by:

   a. Surrendering his passport until this contempt proceeding is resolved;

   b. Testifying under oath at an examination by the Chapter 7 Trustee regarding the Debtors' finances, funds, operations, and records;

c.  Producing all books and financial records of the Debtors in his custody or control; and

d.  Fully cooperating with the Trustee in locating and in obtaining the Debtors' financial records in the control of his professionals, agents, or other third parties.

4.  The United States Marshal is directed to hold Mr. Thakkar in custody until the Court confirms he has completed all steps to purge the contempt.

## [DRAFT]