ORDERED.

Dated: **September 08, 2016**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NILHAN HOSPITALITY, LLC, | ) | Case No. 6:15-bk-03447-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

### BENCH WARRANT FOR CHITTRANJAN THAKKAR FOR CIVIL CONTEMPT

Orlando Gateway Partners, LLC and Nilhan Hospitality, LLC filed these related Chapter 11 cases on April 20, 2016.[1] When the Debtors could not confirm a Chapter 11 Plan of Reorganization, they voluntarily requested and were granted a conversion of their cases to liquidating Chapter 7 cases.[2] Emerson C. Noble was appointed as the Chapter 7 Trustee for both cases on February 10, 2016.[3] Since February, the Trustee diligently has sought the Debtors' financial records he needs to administer the substantial assets in these estates. Debtors, however, have failed to cooperate.

---

[1] Doc. No. 1 in both cases.
[2] Doc. No. 160 in Orlando Gateway; Doc. No. 167 in Nilhan Hospitality.
[3] Doc. Nos. 165-167 in Orlando Gateway; Doc. Nos. 173-176 in Nilhan Hospitality.

Trustee eventually filed motions seeking turnover of the Debtors' financial books and records.[4] After a hearing, held on July 13, 2016, the Debtors were directed to give the Trustee "all of Debtors' books and records and passwords to access Debtors' electronic books and records."[5] At a hearing to determine the Debtors' compliance, held on August 11, 2016, the Court concluded the Debtors had failed to provide the Trustee with the requested financial records; however, the Court granted the Debtors and specifically their principal, Chittranjan Thakkar, another week to turn over the needed financial records.

At the hearing held on August 18, 2016, Debtors' former counsel informed the Court that no further financial records were supplied to the Trustee. The Court then entered Orders of Contempt finding the Debtors in contempt of this Court's previous order directing them to provide "all of Debtors' books and records and passwords to access Debtor's electronic books and records."[6]

Because the Debtors are business entities, they operate through their principals, primarily Chittranjan Thakkar, who is the Manager of both Debtors and who signed the petition on behalf of both Debtors initiating these bankruptcy cases. In the previous Orders of Contempt, Mr. Chittranjan Thakkar was directed to appear before this Court on August 31, 2016, to show cause why he personally should not be held in contempt of this Court for his failure to comply with the Orders Granting Trustee's Motion to Compel Turnover of Property of the Estate and Production of Documents and Records.[7]

---

[4] Doc. No. 246 in Orlando Gateway; Doc. No. 260 in Nilhan Hospitality.
[5] Doc. No. 278 in Orlando Gateway; Doc. No. 282 in Nilhan Hospitality.
[6] Doc. No. 321 in Orlando Gateway; Doc No. 325 in Nilhan Hospitality.
[7] Doc. No. 278 in Orlando Gateway; Doc. No. 282 in Nilhan Hospitality.

As directed by the Court,[8] the Trustee filed a succinct list of needed financial records on August 24, 2016 (the "Financial Record List").[9] At the hearing on August 31, 2016, the Court found Mr. Thakkar in civil contempt for failing to supply the Debtors' financial and other business records as requested by the Trustee. To purge this finding of civil contempt, Mr. Thakkar was directed to give the Trustee the records and to give his passport to the U.S. Marshal.[10] A further hearing to determine whether Mr. Thakkar had complied with this order was set for September 7, 2016. Sadly, although Mr. Thakkar surrendered his passport, which is being held under seal by the Clerk of the United States Bankruptcy Court, he utterly failed to supply the Trustee with the needed financial and other business records of the Debtors. After considering testimony of Mr. Thakkar and the submitted exhibits, the Court again concludes that Chittranjan Thakkar failed to timely or to completely comply with this Court's orders and personally and individually holds Mr. Thakkar in civil contempt of this Court.

Accordingly, it is

**ORDERED:**

1.    Chittranjan Thakkar is in civil contempt of this Court.

2.    The United States Marshal is directed to seize Mr. Thakkar and hold him in custody until the Court confirms he has completed all steps to purge the civil contempt.

3.    Mr. Thakkar can purge himself of this finding of civil contempt by:

  a.    Surrendering his personal laptop computer to the Trustee to allow his agent to electronically preserve and to share information on the computer with the Trustee and his professionals;

---

[8] Doc. No. 321 in Orlando Gateway; Doc No. 325 in Nilhan Hospitality.
[9] Doc. No. 328 in Orlando Gateway; Doc. No. 331 in Nilhan Hospitality.

b.  Providing all passwords needed for the Trustee to access information on his personal or any other computer containing information relating to the Debtors or their affiliates and to any other entity in which Mr. Thakkar has an ownership or management interest;

c.  Providing complete access to the Trustee to copy all QuickBook or Rental Management records, files, and data related to **all** entities in which Mr. Thakkar has an ownership or management interest;

d.  Providing access to the Trustee and his professionals to all corporate office or storage locations where paper records of the Debtor are located and allow the Trustee to take possession or copy such records (the "Site Visit");

e.  Providing the Trustee with (i) the 2010, the 2013, and the November 2014 bank statements of Nilhan Hospitality, (ii) the operating information for the Debtors' Common Area Maintenance charges for 2015, and (iii) all documents related to the 2015 audit, specifically including all accounts receivable due to the Debtors from any entity in which Mr. Thakkar has a management or ownership interest;

f.  Providing the Trustee with a deposit of $10,000 to reimburse the Trustee for the cost of his professionals, including Trustpoint International;

g.  Reimbursing the Trustee and the U.S. Marshal for all estimated professional costs incurred in obtaining the Debtors' financial and business records that exceed $10,000, specifically including reasonable travel and vendor expenses relating to the Site Visit and all attorney fees and costs incurred in preparing

---

[10] Doc. No. 344 in Orlando Gateway; Doc. No. 347 in Nilhan Hospitality.

for and attending hearings related to the turnover of the Debtors' property, books, and records. Mr. Thakkar will be responsible for all of these costs, and the exact amount will be determined at a later date; and

h.  Cooperating with the Federal Public Defender, if requested, to provide a report to this Court.

4.    The United States Marshal shall produce Mr. Thakkar at a hearing before the **United States Bankruptcy Courthouse, Orlando Division, 400 West Washington Street, 6th Floor, Courtroom A, Orlando, Florida 32801,** on the **13th day of September, 2016, at 9:00 A.M.,** to determine if he has fully complied with this Court's orders.

###

The Clerk is directed to serve a copy of this order on all interested parties.